IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02743-CMA-MEH

MELISSA PESICKA,

    Plaintiff,

v.

FARMERS' ALL NATURAL CREAMERY, LLC, and
AWESOME REFRIGERATED TRANSIT OF IOWA, LLC,

    Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Defendants Farmers' All Natural Creamery, LLC and Awesome Refrigerated Transit of Iowa, LLC seek to strike Plaintiff Melissa Pesicka's deposition errata sheets. Ms. Pesicka makes six changes to her deposition testimony. I find that all but one constitute impermissible material alterations. Accordingly, I grant in part and deny in part Defendants' motion.

**BACKGROUND**

    Ms. Pesicka brings multiple negligence claims arising out of a motor vehicle accident. Compl. ¶¶ 30–58, ECF No. 1. Ms. Pesicka asserts Defendants' employee collided with her minivan from behind while operating a semi-tractor trailer truck. *Id.* ¶¶ 12–15. As a result of the accident, Ms. Pesicka allegedly suffered injuries to her head, neck, back, shoulder, and upper extremities. *Id.* ¶ 59.

    Ms. Pesicka's deposition took place on May 7, 2018. Dep. Tr., ECF No. 31-1. Relevant here, she testified that the accident happened both on a small hill and on a flat portion of the

interstate. *Id.* at 41:15–:21. Additionally, she stated multiple times that she was one car length behind a blue truck and two car lengths behind a smaller vehicle in front of it. *Id.* at 43:21, 44:6–:10, 45:13–:19. Finally she testified that she was seeking compensation for headaches and injuries to her neck, shoulder, and wrist. *Id.* at 97:4–:9.

On July 20, 2018, Ms. Pesicka submitted an errata sheet, making six changes to her deposition testimony. Errata Sheet, ECF No. 31-2. First, she attempts to clarify her testimony regarding the location of the accident by stating, "I was coming down a small hill and it is a downgrade but by the time I was able to stop I was on a flat portion of the highway." *Id.* at 2–3. Her second through fifth changes seek to alter her testimony that she was one car length behind the truck. For example, she states in support of her second change, "My Dad taught me to drive at least one car length behind for every 10 mph of my speed, so I would estimate that I was at least 5 to 6 car lengths." *Id.* Finally, she amends her testimony regarding her injuries by stating, "I forgot to mention the injury to my back as well as my head injury." *Id.*

Defendants subsequently filed the present Motion to Strike Plaintiff's Deposition Errata Sheets, ECF No. 31. Defendants contend Ms. Pesicka makes material changes to her testimony, which is impermissible pursuant to Federal Rule of Civil Procedure 30(e). *Id.* Ms. Pesicka did not file a response brief.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 30(e) grants deponents thirty days after a deposition to sign a statement listing changes in form or substance to their testimony and the reasons for making them. Substantive changes are those which the court reporter incorrectly transcribed. *Garcia v. Pueblo Cty. Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002). Formal errors are minor incorrect

statements by the declarant; i.e., "he reported the name to be 'Lawrence Smith' but the proper name is 'Laurence Smith.'" *Id.*

When the changes do not fall under either of these categories, the Tenth Circuit instructs courts to analyze the factors for determining whether an affidavit creates a sham fact issue. *Burns v. Bd. of Cty. Comm'rs of Jackson Cty.*, 330 F.3d 1275, 1281–83 (10th Cir. 2003). Thus, courts should consider "whether the [declarant] was cross-examined during his earlier testimony, whether the [declarant] had access to the pertinent evidence at the time of his earlier testimony or whether the [errata] was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the [errata] attempts to explain." *Id.* at 1282 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)).

"The Tenth Circuit interprets Rule 30(e) narrowly." *Boyd v. Home Depot, Inc.*, No. 11-cv-01329-WYD-KLM, 2013 WL 394187, at *2 (D. Colo. Jan. 31, 2013). "The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. . . ." *Garcia*, 299 F.3d at 1242 n.5 (quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992)). Thus, "[e]rrata sheets may be used [only] to correct errors or to clarify an answer when a question is not understood. . . ." *Myers v. Dolgencorp, Inc.* No. 04-4137-JAR, 2006 WL 408242, at *1 (D. Kan. Feb. 15, 2006).

## **ANALYSIS**

First, Ms. Pesicka's change regarding the location of the accident is proper. The deposition transcript makes clear that there was some confusion when she was being questioned about the accident location. The transcript reads:

3

> Q: Yeah. I'm not picturing that downhill and I go to Wyoming a lot. I practice a lot up in Wyoming. Maybe our definition of "downhill" is a little different.
> A. Okay. There's a -- there is a small hill right where we were coming -- my husband might tell you because he grew up in Wyoming.
> Q. Yeah, yeah, yeah.
> A. It's just a small hill --
> Q. It's a downgrade --
> A. -- flat.
> Q. it's not really -- okay. Where the buffalo is, the sign?
> A. Right before the buffalo.
> Q. Okay.

Dep. Tr. 41:11–:25, ECF No. 31-1. Ms. Pesicka's statement clarifies this testimony by stating that there is a "small hill" directly before a "flat portion of the highway" where she was able to stop. Errata Sheet 2–3, ECF No. 31-2. The Tenth Circuit has found that alterations are appropriate pursuant to Rule 30(e) when "the earlier testimony reflects confusion which the [errata] attempts to explain." *Burns v. Bd. of Cty. Comm'rs of Jackson Cty.*, 330 F.3d 1275, 1282 (10th Cir. 2003) (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)). Furthermore, Defendants do not discuss this change in the motion; thus, it is not clear they seek to strike this alteration.

However, the remainder of Ms. Pesicka's changes go beyond what Rule 30(e) permits. Ms. Pesicka alters four instances in which she stated she was only one car length behind a truck and two lengths behind the car in front of the truck. Errata Sheet 2–3, ECF No. 31-2. She corrects this testimony to state she was five to six lengths behind the first driver and seven to eighth lengths behind the second. *Id.*

Based on the factors the Tenth Circuit articulated in *Burns*, these are impermissible material changes. First, Ms. Pesicka's counsel cross-examined her during the deposition. Dep. Tr. 142:20–151:22. Second, Ms. Pesicka does not claim the changes are based on newly discovered evidence. Third, Ms. Pesicka's conclusory statement that she makes the changes for "clarification

4

and confusion on my part," Errata Sheet 2, is insufficient to satisfy Rule 30(e). *See Senatore v. Lynch*, No. 13-cv-00856(CRC), 2016 WL 1611578, at *1–2 (D.D.C. Apr. 22, 2016) (striking an errata sheet that used "one-word explanations," such as "clarification" or "correction"). Furthermore, the deposition testimony does not indicate that Ms. Pesicka was confused while responding to the questions. She stated "I was most definitely one – not most definitely. I recall that I was one car length." Dep. Tr. 43:20–:21. She then repeated four times that she was only one car length behind the truck in front of her. *Id.* at 43:21, 44:6–:10, 45:13–:19. Accordingly, Rule 30(e) does not permit this type of material change.

Lastly, Ms. Pesicka attempts to add injuries she did not testify about during the deposition. Errata Sheet 2–3. I find this change unwarranted under *Burns*. Importantly, Ms. Pesicka was aware of this information at the time of her deposition, and there is no indication that the question confused her. Although she states in her response that she referenced her back and head injuries in her interrogatory answers, there is no basis for amending deposition testimony to make it consistent with answers to written discovery. To the contrary, Rule 30(e) "cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. *Depositions differ from interrogatories in that regard*. A deposition is not a take home examination." *Garcia v. Pueblo Cty. Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) (emphasis added) (quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992)).

## **CONCLUSION**

In sum, I decline to strike Ms. Pesicka's errata sheet to the extent it clarifies her testimony regarding the location of the accident on page forty-one of her deposition. However, Ms. Pesicka's

5

changes to the number of car lengths between her and the drivers in front of her impermissibly alter her testimony.  Additionally, Rule 30(e) does not permit Ms. Pesicka to add testimony regarding the injuries to her back and head.  Accordingly, Defendants' Motion to Strike Ms. Pesicka's Deposition Errata Sheets [filed July 26, 2018; ECF No. 31] is **granted in part and denied in part**.

Entered and dated at Denver, Colorado, this 20th day of August, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge